

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-14-2007

# Cuie v. Nordstrom Inc

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1114

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

## Recommended Citation

"Cuie v. Nordstrom Inc" (2007). *2007 Decisions*. Paper 590.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/590

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 07-1114
_____

JOHN J. CUIE,
                    Appellant

vs.

NORDSTROM, INC.
_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(E.D. Pa. Civ. No. 05-cv-04771)
District Judge:  Honorable J. Curtis Joyner

_____

Submitted Under Third Circuit LAR 34.1(a)
August 3, 2007
Before:  FISHER, ALDISERT and WEIS, CIRCUIT JUDGES
Filed: August 14, 2007

_____

OPINION
_____

PER CURIAM

        John J. Cuie appeals pro se from the District Court's orders denying his

motion to vacate, modify, or correct an arbitration award and his motion for

1

reconsideration of that ruling. For the reasons that follow, we will affirm.

## I.

Cuie, an African-American male, was employed in various capacities by Nordstrom, Inc. ("Nordstrom") at two of its retail stores. Nordstrom fired Cuie while he was employed at its store in King of Prussia, Pennsylvania. According to Nordstrom, it fired Cuie because he exercised poor judgment by engaging in inappropriate conversations of a sexual nature with a fellow employee (a Caucasian female) who was also fired as a result. According to Cuie, Nordstrom's stated reason was pretextual and it really fired him because of his race and in retaliation for his having complained of discrimination in the past.

After exhausting his remedies before the Equal Employment Opportunity Commission ("EEOC"), Cuie filed suit under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. Nordstrom moved to stay proceedings pending arbitration, which it argued was compelled by the parties' arbitration agreement. The District Court granted the motion and Cuie's claim proceeded to arbitration. After taking discovery, both parties moved for summary judgment. The arbitrator, in a thirty-three page opinion, granted Nordstrom's motion. Cuie then filed in the District Court a motion to vacate, modify, or correct the arbitrator's award. The District Court denied the motion, and also denied Cuie's subsequent motion for reconsideration. Cuie appeals from both orders.[1]

---

[1] We have jurisdiction pursuant to 9 U.S.C. § 16(a)(3) and 28 U.S.C. § 1291. We exercise plenary review over the District Court's refusal to vacate the award, see

2

II.

Under the Federal Arbitration Act, courts may vacate arbitration awards "only in 'exceedingly narrow' circumstances." Metromedia Energy, Inc., 409 F.3d at 578 (citation omitted). See also Roadway Package Sys., Inc. v. Kayser, 257 F.3d 287, 291 (3d Cir. 2001) (enumerating bases for vacating arbitration awards). The District Court ruled that no such circumstances were present in this case and concluded that "it appears from the materials submitted that the arbitrator in this matter carefully considered all of the evidence and argument presented to him by all of the parties and rendered an impartial and legally-sound decision." (Nov. 29, 2006 Order at 2 n.1.) We agree.

Cuie raises several arguments in his brief, but each lacks merit. First, Cuie argues that the award violates public policy and was procured by fraud. Cuie accuses Nordstrom of having misrepresented to the EEOC that he acknowledged having received a certain employee booklet at a "New Hire Orientation," which Cuie denied, and argues that the arbitrator's award in Nordstrom's favor thus violates a public policy in favor of voluntary compliance with Title VII. Cuie appears to believe that the arbitrator's decision somehow rewarded Nordstrom for, or was influenced by, its alleged misrepresentation to the EEOC. The arbitrator, however, expressly found the disputed fact in Cuie's favor, so Nordstrom's alleged misrepresentation to the EEOC had no bearing on his award. (Arb.

_____

Metromedia Energy, Inc. v. Enserch Energy Servs., Inc., 409 F.3d 574, 578-79 (3d Cir. 2005), and review its denial of reconsideration for abuse of discretion, Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999).

3

Decision at 2.)  There is thus no basis for claiming that the arbitrator's award itself violates the public policy Cuie alleges or that it was procured by fraud.

Second, Cuie accuses the arbitrator of having "lied" about his deposition testimony in his award.  We have reviewed the relevant deposition testimony, however, and believe that the arbitrator fairly characterized it.  Even if he had not, the District Court could have vacated the award on this basis only if the arbitrator's decision ultimately had "absolutely no support at all in the record."  News Am. Publ'ns, Inc. v. Newark Typographical Union, Local 103, 918 F.2d 21, 23 (3d Cir. 1990).  The materials submitted by the parties show that the award had record support.

Cuie's remaining arguments, in essence, claim merely that the arbitrator reached the wrong decision.  That is not a basis for challenging an arbitration award.  See Major League Umpires Ass'n v. American League of Prof'l Baseball Clubs, 357 F.3d 272, 280 (3d Cir. 2004) ("In reviewing an arbitration award, courts 'do not sit to hear claims of factual or legal error by an arbitrator as an appellate court does in reviewing decisions of lower courts.'") (citation omitted).  An award can be vacated if the arbitrator displays "manifest disregard" for the law, see id. at 286, but Cuie has shown no such disregard here.

Finally, Cuie argues that the District Court should have reconsidered its refusal to vacate the award because that ruling results in a "manifest injustice." Max's Seafood Café, 176 F.3d at 677. That ruling was proper, however, so the District Court did not abuse its discretion by refusing to reconsider it.

For these reasons, we will affirm the District Court's orders.